UNITED STATES DISTRICT COURT
for the
Middle District of Florida

Fort Myers Division

| | |
|---|---|
| NICK PSICHOPAIDAS, an individual; and<br>SUZANNE C. PSICHOPAIDAS, an individual<br><br>        Plaintiffs,<br><br>v.<br><br>DONNA CLAIRE RUSSO, an individual<br><br>        Defendant. | Case No. _____<br><br>Jury Trial: Yes |

## COMPLAINT

Plaintiffs, NICK PSICHOPAIDAS and SUZANNE C. PSICHOPAIDAS (collectively "BUYERS"), through undersigned counsel, hereby sue Defendant, DONNA CLAIRE RUSSO ("SELLER"), and allege:

### Parties

1.    Plaintiff, NICK PSICHOPAIDAS, is an individual over the age of eighteen, resident of Naples, Collier County, Florida, and is otherwise *sui juris*.

2. Plaintiff, SUZANNE C. PSICHOPAIDAS, is an individual over the age of eighteen, resident of Naples, Collier County, Florida, and is otherwise *sui juris*.

3. Defendant, DONNA CLAIRE RUSSO, is an individual over the age of eighteen, resident of New York, and is otherwise *sui juris*.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as this is a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states, to wit, Florida and New York.

5. This Court has personal jurisdiction over Defendant, DONNA CLAIRE RUSSO, as Defendant breached a contract in this state by failing to perform acts required by the contract to be performed in this state, and by committing a tortious act within this state.

6. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391, as substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of this action, occurred in Naples, Collier County, Florida.

## Statement of Facts

7. On or about November 20, 2024, the BUYERS entered into a Sales Contract – As Is (Residential Improved Property) ("Agreement") with DONNA CLAIRE RUSSO and Louis Russo for real property located at 4238 Inca Dove Court, Naples, Florida 34119 ("Subject Property"). A true and correct copy of the Agreement is attached hereto as **Exhibit "A."**

8. Upon information and belief, subsequent to the date of the Agreement, and prior to the commencement of this action, Louis Russo passed away.

9. In entering into the Agreement, DONNA CLAIRE RUSSO executed a Seller's Disclosure Statement, a true and correct copy of which is attached hereto as **Exhibit "B."**

10. In the Seller's Disclosure Statement, SELLER represented that the Subject Property did not suffer from any "[l]eaks, backups, or similar problems relating to plumbing, water, and/or sewage-related items."

11. Subsequent to purchasing the Subject Property, however, it became apparent to the BUYERS that a leak was causing water to rise from beneath the tile.

12. The leak resulted in substantial damage to the BUYERS, including, but not limited to, re-piping, demolition, flooring, painting, replacing of

baseboards and sheetrock, hotel costs, storage costs, dehumidifier rentals, cabinets, and additional expenditures that would have been otherwise unnecessary if not for the leak.

13. During the course of their investigation, the BUYERS contacted a plumbing company who advised that SELLER, or someone on SELLER's behalf, contacted the same plumbing company on or about December 11, 2023 about the precise leak issue that the BUYERS experienced.

14. In other words, SELLER was aware of the substantial material defect prior to entering into the Agreement, failed to correct it, and, at best, failed to disclose it as required under Florida law or, at worst, actively concealed it.

**Claims for Relief**

**COUNT I – JOHNSON V. DAVIS**

15. Plaintiffs re-allege Paragraphs 1 through 14 as though fully stated herein.

16. DONNA CLAIRE RUSSO, as seller of the Subject Property, had knowledge about a defect in the Subject Property, including the above-described leak issue.

17. The defect significantly affects the Subject Property's value.

18. The defect was hidden and unknown to the BUYERS.

19. SELLER intentionally withheld the information from the BUYERS, affirmatively representing that the property did not have any leak issues in the Seller's Disclosure Statement.

20. The BUYERS were harmed by relying on the Sellers' misrepresentation in that the BUYERS have been required to expand a substantial sum in re-piping, demolition, flooring, painting, replacing of baseboards and sheetrock, hotel costs, storage costs, dehumidifier rentals, cabinets, and additional expenditures that would been otherwise unnecessary if not for the leak.

21. The BUYERS retained the undersigned attorneys and agreed to pay a reasonable fee for their services.

WHEREFORE, Plaintiffs, NICK PSICHOPAIDAS and SUZANNE C. PSICHOPAIDAS, respectfully demand judgment in their favor and against Defendant, DONNA CLAIRE RUSSO, for damages, including actual out-of-pockets and loss of use damages, attorney's fees pursuant to Standard P of the Agreement, interest, and costs.

## COUNT II – FRAUDULENT MISREPRESENTATION

22. Plaintiffs re-allege Paragraphs 1 through 14 as though fully stated herein.

23. SELLER made false statements of material fact in executing the Seller's Disclosure Statement, including that the Subject Property did not suffer from any leak issues.

24. The SELLER knew the statements were false, or should have known.

25. The SELLER intended the statement to cause the BUYERS to act on the statements and purchase the Subject Property.

26. The BUYERS justifiably relied upon the statements made in the Seller's Disclosure Statement and purchased the Subject Property.

27. The BUYERS were harmed by relying on the sellers' misrepresentation in that the BUYERS have been required to expand a substantial sum in re-piping, demolition, flooring, painting, replacing of baseboards and sheetrock, hotel costs, storage costs, dehumidifier rentals, cabinets, and additional expenditures that would been otherwise unnecessary if not for the leak.

28. The BUYERS retained the undersigned attorneys and agreed to pay a reasonable fee for their services.

WHEREFORE, Plaintiffs, NICK PSICHOPAIDAS and SUZANNE C. PSICHOPAIDAS, respectfully demand judgment in their favor and against Defendant, DONNA CLAIRE RUSSO, for damages, including actual out-of-

pockets and loss of use damages, attorney's fees pursuant to Standard P of the Agreement, interest, and costs.

## COUNT III – BREACH OF CONTRACT

29. Plaintiffs re-allege Paragraphs 1 through 14 as though fully stated herein.

30. BUYERS entered into an Agreement with SELLER for the purchase of the Subject Property. A true and correct copy of the Agreement is attached hereto as **Exhibit "A."**

31. In the Agreement, the SELLER asserted that "[e]xcept as disclosed to and acknowledged by BUYER prior to BUYER's execution of any offer… SELLER knows of no facts or conditions materially affecting the value of the Property, except those which are readily observable by BUYER." *See* **Exhibit "A"** at Standard D.

32. The SELLER breached the Agreement in failing to disclose that the Subject Property suffered from a leak below the flooring, a fact that the SELLER clearly knew and previously investigated, but that was not readily observable to the BUYERS.

33. The BUYERS were damaged by SELLER'S breach in that the BUYERS have been required to expand a substantial sum in re-piping, demolition, flooring,

painting, replacing of baseboards and sheetrock, hotel costs, storage costs, dehumidifier rentals, cabinets, and additional expenditures that would been otherwise unnecessary if not for the leak.

34. The BUYERS retained the undersigned attorneys and agreed to pay a reasonable fee for their services.

WHEREFORE, Plaintiffs, NICK PSICHOPAIDAS and SUZANNE C. PSICHOPAIDAS, respectfully demand judgment in their favor and against Defendant, DONNA CLAIRE RUSSO, for damages, including actual out-of-pockets and loss of use damages, attorney's fees pursuant to Standard P of the Agreement, interest, and costs.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 23, 2025.                               Respectfully submitted,

> ANNESSER ARMENTEROS, PLLC
> *Attorneys for Plaintiffs*
> 801 Anchor Rode Drive, Suite 303
> Naples, FL  34103
> (239) 999-9529   Telephone
> (786) 607-3022   Facsimile
> rbernstein@aa-firm.com
> jannesser@aa-firm.com
> service@aa-firm.com
>
>
> By: */s/ Robert A. Bernstein*

                                                             Robert A. Bernstein, Esq.
                                                             Fla. Bar No. 111361
                                                             John W. Annesser, Esq.
                                                             Fla. Bar No. 98233

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 23rd day of December 2025, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                            */s/ Robert A. Bernstein*
                                                            Robert A. Bernstein, Esq.